ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

FILED
OCT 2 4 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SCIENCES CORP., Plaintiff, | ) | CASE NUMBER 07-744 C |
| v. | ) | |
| THE UNITED STATES OF AMERICA, Defendant. | ) | JUDGE: |

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff, INFORMATION SCIENCES CORPORATION ("ISC"), moves this Court pursuant to Rules 65(a) and 65(b) of the Rules of the U.S. Court of Federal Claims ("Rules") for a preliminary injunction enjoining Defendants, their officers, agents, employees and representatives from continuing with performance of the contract awarded to Symplicity Corporation under Solicitation Number TQN-04-RA-001 by the General Services Administration ("GSA"). As additional grounds for this Motion, and as set forth more fully in the accompanying Complaint, Declarations, and Memorandum in Support of this Application and Motion, Plaintiff states as follows:

1. Fedbizopps is the statutorily mandated single point of entry for the publication of all federal procurement opportunities over $25,000 in value. It is relied upon by small and large businesses seeking contracting opportunities with the federal government both as prime contractors and subcontractors. The FBO and the Fedbizopps system is the essential heart of the government's competitive procurement process and

must operate with a very high degree of reliability in order for competitive procurements to occur on a daily basis.. If the system were to lose this reliability, government contractors will be severely harmed in their ability to easily and effectively compete for government contracts and subcontracts.

2. ISC has extensive experience with the Fedbizopps system, having worked in partnership with Science Applications International Corporation ("SAIC") to develop and deliver this key government system. Fedbizopps, as developed by ISC, is a web-based system that allows prospective contractors to search for federal contracting opportunities by contracting agency, geographic area, federal procurement classification codes and set aside types, and by keyword.

3. On December 22, 2005, ISC filed a protest in this Court. The previous case was Case Number 05-1342C, (Judge Braden), Information Sciences Corp. v. United States, 73 Fed.Cl. 70 (2006), Motion for Reconsideration and Clarification granted-in-part and denied-in-part, 75 Fed.Cl. 406 (2007). After complete briefings and oral argument, the Court issued its opinion to the parties on August 31, 2006 sustaining the protests due to GSA's violation of procurement regulations because of its failure to establish properly the competitive range in September 2004 and the Source Selection Authority's failure to document an independent decision. The Court issued a permanent injunction and set aside the award to Symplicity. The Court also ordered that a new Source Selection Authority be appointed in the event GSA decided to proceed with the procurement.

4. According to GSA, the Contracting Officer, established a new competitive range based on the initial proposals received over three years ago in June 2004.

However, notwithstanding the establishment of a competitive range based on initial proposals, no discussions were held despite the Federal Acquisition Regulation ("FAR") requirement that a competitive range is to be established only if discussions are to be held. FAR, 48 C.F.R. § 15.306(c)(1).

5. On Friday, September 28, 2007, the last working day of Fiscal Year 2007, GSA announced the re-award of the contract to Symplicity for $17.5 million. That award was apparently based not on Symplicity's initial offer but on Symplicity's revised offer submitted two and half years ago in February 2005.

6. GSA cited six weaknesses in ISC's technical approach that cannot reasonably considered as a weaknesses. In each instance, the cited weakness is inconsistent with the evaluation factors and subfactors, is inconsistent with what is stated in ISC's proposal or, is completely unrelated to technical requirements.

7. GSA also failed to properly evaluate ISC's price proposal. GSA calculated ISC's offered price relying on options in comparison to Symplicity's minimally technically acceptable price. GSA unreasonably included in ISC's price offered enhancements, permitted but not required by the solicitation. As a result, ISC's evaluated price was evaluated against the awardee's evaluated price for the basic system without the enhancements offered by ISC.

8. Had GSA properly evaluated ISC's technical proposal, each of its alleged weaknesses would have been eliminated. Had GSA properly calculated ISC's price proposal, it would have had a proper basis for a reasonable cost/technical tradeoff and best evaluation decision that would have reasonably resulted in an award to ISC.

9. Accordingly, ISC protests any award under Solicitation Number TQN-04-RA-0001 as contrary to regulation, unreasonable, unsupported by the facts, and an abuse of GSA's discretion. Allowing an award to be made in violation of regulatory requirements and using evaluation factors and processes other than those stated in the solicitation leads to a failure of the competitive procurement process, and an award that cannot be said to have been made in a fully competitive environment. Furthermore, if the procurement is allowed to proceed ISC will suffer injuries that are fairly traceable to the improper evaluation of its proposal.

10. The Defendants will not be harmed by the issuance of a preliminary injunction.

11. The issuance of a preliminary injunction will preserve the status quo and protect both the Plaintiff's and the public's interest in the integrity of the procurement system.

12. Plaintiff is likely to succeed on the merits of this action, and if denied a preliminary injunction, will have no adequate remedy at law.

13. On October 19, 2007, Plaintiff gave Defendants notice of intention to file this application and motion.

WHEREFORE, Plaintiff, ISC, requests this Court to issue a preliminary injunction in accordance with the proposed Order.

Respectfully submitted,

William A. Shook
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Tel: (202) 661-6256
Fax: (202) 778-9100

Date: October 24, 2007