**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Bid Protest**

| | | |
|---|---|---|
| INFORMATION SCIENCES CORPORATION<br><br>Plaintiff<br><br>vs.<br><br>UNITED STATES<br><br>Defendant<br><br>and<br><br>GALLAGHER, HUDSON, HUDSON<br>& HUNSBERGER<br>(d/b/a Development Infostructure or Devis)<br><br>Intervenor-Plaintiff. | ) | Case No. 07-744C<br><br>Judge Braden |

**MOTION TO INTERVENE**

Symplicity Corporation ("Symplicity"), by and through its undersigned counsel, respectfully moves this Court for leave to intervene as a Defendant in this action under RCFC 24(a). The United States, acting through the General Services Administration, awarded Symplicity the contract that is the subject of the procurement presently under protest by Information Sciences Corporation ("ISC"). Therefore, Symplicity is an interested party to the litigation and should be permitted to intervene.

Under this Court's Rules, Symplicity has a right to intervene where "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's

interest is adequately represented by existing parties." RCFC Rule 24(a)(2). As the contract awardee, Symplicity's interest in this action is clear. Symplicity did not intervene immediately after ISC filed its complaint on October 24, 2007, because Symplicity believed that the Department of Justice would adequately defend the allegations against the Government's source selection set forth in the Complaint, as the Complaint did not specifically challenge the sufficiency of Symplicity's offer. Now, because of the nature of this Court's request for post-hearing briefs and the issues specific to Symplicity's responsiveness to the Solicitation which have recently arisen, Symplicity now believes that it cannot adequately protect its interest as the contract awardee unless it is represented in this case.

Unless Symplicity is permitted to participate in the post-hearing briefing ordered by this Court on November 30, 2007, Symplicity's right to a full and open hearing of its legal arguments and defenses relating to its contract award in the subject procurement will be prejudiced. Given the nature of the issues to be briefed in January and February 2008 in this case, Symplicity's interests are not adequately protected by the Department of Justice because the Government's interest is not identical to Symplicity's.

Symplicity's Motion to Intervene is timely. This Court has held that determining whether a Motion to Intervene is timely, the following factors are relevant: (1) the length of time during which the would-be intervenors actually knew or reasonably should have known of their rights; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenors by denying intervention; and (3) the existence of unusual circumstances militating either for or against a determination that the application is timely. *See* Comprehensive Health

Services, Inc. v. United States, 70 Fed. Cl. 700, 718 (2006) (citing Belton Indus., Inc. v. United States, 6 F.3d 756, 762 (Fed.Cir.1993) ).

As noted, the initial Complaint for this action was filed on October 25, 2007. At that time, Symplicity believed that its rights would be adequately protected by the Department of Justice. But, as a result of the November 30, 2007 Scheduling Order and the nature of the issues that this Court believes requires post-hearing briefs, Symplicity believes that this is no longer necessarily the case. These briefs will specifically address whether Symplicity's offer was responsive. This issue impacts Symplicity's rights much more directly than the issues raised initially. Moreover, permitting Symplicity to intervene will not unduly delay the proceedings or prejudice the other parties. Symplicity seeks intervention in order to participate in the post-hearing brief and defend the legal sufficiently of its offer and is not seeking to raise any new issues. Finally, the fact that this new issue was raised only recently after a hearing on dispositive motions presents unusual circumstances favoring Symplicity's intervention.

For the forgoing reasons, Symplicity respectfully requests that its Motion to Intervene be granted.

Dated: December 3, 2007

Respectfully Submitted,

/s/Richard L. Moorhouse

Richard L. Moorhouse
GREENBERG TRAURIG, LLP
2101 L St., NW, Suite 1000
Washington, DC 200037
Tel: (202) 331-3111
Fax: (202) 261-0176

OF COUNSEL:
David T. Hickey