**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| INFORMATION SCIENCES CORP.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and,<br><br>DEVELOPMENT INFOSTRUCTURE, INC.,<br>Plaintiff-Intervenor,<br><br>SYMPLICITY CORPORATION,<br><br>Intervenor. | No. 07-744C<br>(Judge Braden) |

PLAINTIFF-INTERVENOR'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

As indicated by email this morning,[1] Intervenor-Plaintiff, Development Infostructure, Inc. ("Devis"), respectfully opposes defendant's Motion for an Enlargement of Time (Docket #47) to respond to Devis's pending Motion to Unseal (Docket #43) the redaction of FBO Contract Modification PS02 as proposed by Devis's counsel nearly four weeks ago. Defendant's counsel has utterly refused to comply with their duties under the Court's Protective Order. *See* ¶ 4(a) ("Within two business days after receipt of the

[1] Undersigned counsel informed the parties and the Court by email that Devis would oppose the Motion for an Enlargement of Time and would file a formal opposition this afternoon. *See* Exhibit A.

proposed redacted copy, the other parties *shall* advise the party originating the pleading of any additional redactions they require.") (emphasis added). At this point, defendant's purpose in refusing to comply with the terms of the Protective Order are obvious because the issue is so simple.

Four weeks ago, on December 11, Devis's counsel asked defendant's counsel to identify any information that needed to be redacted from Contract Modification PS02 before releasing it to Devis. *See* Motion to Unseal, Exhibit 2. Defendant refused to identify any protected information but also refused to consent to release Mod. 2 to Devis. *Id*., Exhibit 3. On December 12, undersigned counsel circulated a proposed redaction that complied with the request of Symplicity's counsel to redact pricing information. *Id*., Exhibit 4. Thereafter, undersigned counsel for Devis asked defendant's counsel again, twice, to identify any additional information that needed to be redacted. At first, defendant's counsel claimed to be "away on travel" but would be back "in the office" the next day. *Id*., Exhibit 5. Since that time, defendant's counsel refused to identify information that needed to be redacted and refused to identify any reason why the information needed to be protected, *id*., Exhibits 6 and 9, even though there has been related correspondence in the meantime regarding the release of Contract Modifications 1 and 3. *Id*., Exhibits 7 and 9.

Indeed, until this past weekend, defendant's counsel refused to address the issue at all. Then, defendant's counsel did the following:

- Friday (at 6:53pm), January 4, 2008 -- Defendant's counsel asked Devis's counsel "if there is any room to compromise" its request to release the December 11 proposed redaction of FBO Contract Modification PS02. *See* Exhibit A.

- Saturday, January 5, 2008 -- Defendant's counsel asked Devis's counsel to agree to an extension of time to respond to the pending Motion to Unseal. *See* Exhibit A.
- Sunday, January 6, 2008 -- Defendant's counsel files a Motion for an Enlargement of Time.

Defendant's motion to enlarge time asserts that "Devis has not yet responded to our compromise proposal." However, there was no such "compromise proposal" made by Defendant's counsel.[2] In any event, the suggestion of an alternative approach was made more than three weeks after repeated requests for a response went unheeded and gave no time for response before defendant filed its motion on Sunday evening.

If Defendant's counsel had responded in a timely manner several weeks ago, a suitable redaction could have been prepared promptly and Devis would have been able to file its motion for TRO/Preliminary Injunction earlier, rather than waiting and ultimately joining ISC's motion on December 21, 2007. For this reason, Devis is concerned that its ability to obtain timely relief has been prejudiced by the refusal of defendant's counsel to respond to requests for cooperation as required by Paragraph 4(a) of the Protective Order.

In particular, the continued refusal to meet the Protective Order's directive has sandbagged Devis's ability to bring evidence of imminent harm before the Court in support of the request for immediate injunctive relief. Any further delay by the government will result in the effective denial of the relief sought. The continued contumacy of counsel with regard to obligations under the Protective Order reveal that the government's plan is plainly to eliminate the Court's ability to implement a suitable remedy in this case that would maintain the level playing field of competition for the

[2] Instead, defendant's counsel said "I'd like to ask if there is any room to compromise here" and indicated that "I am willing to compromise if the protected status of the mod can be maintained." Exhibit A. The email also suggested that Devis give up its request to release the document by agreeing instead to ask Devis certain limited questions instead. *Id*.

FBO procurement. Instead, the government will continue to spend as much as possible to educate Symplicity and improve its technical capability -- at the taxpayers' expense -- in order to tilt the playing field as much as possible while the coast is clear.

For the reasons set forth herein and in Devis's Motion to Unseal, Devis respectfully requests that the Court grant Devis's Motion and Unseal the proposed redacted copy of FBO Contract Modification PS02.

Respectfully submitted,

s/ Robert S. Ryland
by s/ Edward H. Meyers
Robert S. Ryland
Kirkland & Ellis LLP
Suite 1200
655 15th Street, NW
Washington, DC 20005
Tel.: (202) 879-5000
Fax: (202) 879-5200
rryland@kirkland.com

Date: January 7, 2008