**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SCIENCES CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 07-744C |
| Defendant, | ) | (Judge Braden) |
| and | ) | |
| DEVELOPMENT INFOSTRUCTURE, INC. | ) | BID PROTEST |
| Intervenor, | ) | |
| and | ) | |
| SYMPLICITY CORP., | ) | |
| Intervenor. | ) | |

**DEFENDANT'S OPPOSITION TO DEVIS' MOTION TO UNSEAL THE PROPOSED REDACTED COPY OF SYMPLICITY'S CONTRACT MODIFICATION PS02**

The United States respectfully requests that the Court deny intervenor Development Infostructure, Inc.'s ("Devis") Motion to Unseal the Proposed Redacted Copy of Symplicity's Contract Modification PS02.

The Court's October 26, 2007 Protective Order recognized that certain information disclosed in this action could be "competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable." Prot. Ord. at 1. Indeed, Devis and ISC have used the Protective Order to their advantage over our objection, in order to protect numerous tabs in the Administrative Record and portions of the Court's prior opinions from public view on the asserted basis of confidentiality. This has permitted Devis and ISC to conceal from the public that their proposals were far more expensive than that of the awardee Symplicity, and that GSA

acted reasonably in selecting Symplicity over both of these high-priced proposals. This, in turn, has allowed Devis and ISC to publicly present a distorted view of GSA's best value decision-making process. ISC and Devis have apparently peddled this distortion of the record in the press, in direct contacts with GSA leadership, and to members of Congress. Devis may, again, do the same with the protected contract modification if the Court grants its motion.

At this time, we believe the modification contains competition sensitive information related to the Government's requirements and confidential information related to Symplicity's pricing of various components in its successful offer. Disclosure of these details may give competitors an unjust advantage should the Court order GSA to recompete the FBO procurement.[1]

The sole reason provided by Devis' counsel for the unsealing of Modification PS02 is to show the modification to his client "in order to allow our client to decide whether to proceed with a request for further substantive relief and to complete the case for such relief." Devis Mot. to Unseal at 4. Devis adds in its recent reply in support of its motion to amend the complaint that it needs to show the modification to the client in order to "obtain critical information" related to the prejudice caused by the modification. ISC/Devis Reply at 14-15. Devis does not attempt to articulate the harm that Devis' management could suffer, particularly given that its counsel has a copy of the document. Additionally, any prejudice no longer exists now that the

[1] Devis has unfairly criticized our responses to counsel's incessant requests to make a redacted copy available to the public, and even attached e-mails among counsel to its motion. Devis Mot. to Unseal at 2-4. The undersigned produced the modification as protected and twice thereafter stated unequivocally the Government's position that the entire modification was protected. The undersigned also proposed a resolution of the dispute that would allow counsel to make certain aspects of the modification known to his client without public release of the document. Devis' counsel's unexplained rejection of this proposal suggests that the purported need to obtain client approval (expressed for the very first time in Devis' motion to unseal) is unreasonable and, perhaps, merely a pretext to unseal the modification for other purposes.

modification has long since been rescinded. As Devis' counsel already has the information needed to proceed with Devis' post-hearing brief, motion for preliminary injunction, and any other arguments that Devis wishes to make related to the contract modification, it is unclear what harm its management would suffer if the contract modification remains protected. In any event, Devis' asserted basis to unseal the document would entitle Devis to unseal the entire record because all documents could conceivably assist the client's decision in going forward with some aspect of the protest. Yet the Court's protective order and the use of the protective order by all parties contemplates that counsel will have to make decisions in the absence of the ability to show documents to their clients. See Prot. Ord. ¶ 2.

The Court has crafted a protective order giving consideration to the particular circumstances in the case and may apply it to deny access where confidentiality is at risk. See U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468-69 (Fed. Cir. 1984). Protestors are routinely denied access to procurement-related information in order to protect the integrity of the procurement process and prevent them from gaining a competitive advantage in a possible resolicitation. Such disclosure "would ultimately weaken the Government's ability to maintain the integrity and efficiency of the procurement process." See, e.g., Metric Sys. Corp. v. United States, 13 Cl. Ct. 504, 506 (1987) ("If Metric were successful in this action and were introduced into the competitive range with greater knowledge than other bidders, the prejudice to the process would be obvious, and might adversely affect the type of relief it would receive if successful."). In this case, GSA believes that the public release of the information in Modification PS02 will adversely impact any follow-on procurement ordered by the Court.

Furthermore, this Court has rejected counsel's efforts to reveal sealed materials to a party or the party's management. In Levine v. United States, 226 Cl. Ct. 701 (1981), a case involving

patent issues, the court, considering a protective order allowing access by a plaintiff's counsel but not the plaintiff himself, recognized that any such protective order would limit the ability of a plaintiff to prepare his case to some degree, but emphasized that:

> the orders do not deny Levine [the plaintiff] *use* of the materials, but merely personal perusal by Levine or those associated in practice with him. The protective orders clearly allow Levine access to any Confidential Information through counsel not associated with Levine. Thus, if any designated materials are truly as critical to his cause as Levine claims, he may retain counsel to review any designated materials for him.

Id. (emphasis in original); see also Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc., 682 F. Supp. 20, 21 (D. Del. 1988).[2]

There is no prejudice in keeping protected materials from a client and limiting disclosure to attorneys. Indeed, Comptroller General caselaw demonstrates that even attorneys for protestors are denied admission to a protective order when the attorneys play a role in "competitive decisionmaking" by providing "advice and participati[ng] in any of the client's decisions (such as pricing, product design, etc.) made in light of similar or corresponding information about a competition."[3] In re Allied-Signal Aerospace Co., B-250822, 1993 WL 77209, at *5-6 (Comp. Gen. Feb. 19, 1993); In re TRW, Inc., B-243450, 1991 WL 177338, at *3 (Comp. Gen. Aug. 16, 1991).

Devis has argued that "[a]s redacted, the document should plainly be a matter of public record[.]" Devis Mot. to Unseal at 4. However, "courts have routinely found that the right of

---

[2] While such disclosure was allowed in Pikes Peak Family Housing LLC v. United States, 40 Fed. Cl. 673 (1998), the facts of that case are distinguishable, given that the information to be unsealed was only an evaluation of plaintiff's own proposal. Id. at 680.

[3] The Court regards Comptroller General decisions as non-binding, but also as persuasive authority. Rotech Healthcare Inc. v. United States, 71 Fed. Cl. 393, 405 (2006) (citing North Carolina Division of Servs. for the Blind v. United States, 53 Fed. Cl. 147, 165 n.13 (2002)).

public access does not attach to discovery materials not submitted to the court [either in trial or on summary judgment] because such pretrial discovery may be unrelated or only tangentially related to the issues in the case and ultimately not filed with the court." Crane Helicopter Servs., Inc. v. United States, 56 Fed. Cl. 313, 321 (2003) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)). Modification PS02, produced in discovery, is not "plainly a matter of public record," as Devis asserts. Even assuming that a right of public access attaches to Modification PS02, however, that right is not absolute, and a court may, in its discretion, deny access to its own records and files to the extent necessary to prevent those files from becoming "a vehicle for improper purposes." Crane Helicopter Servs., 56 Fed. Cl. at 322.

For the foregoing reasons, the United States respectfully requests that the Court deny the relief requested by Devis.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Gregg M. Schwind
GREGG M. SCHWIND
AMANDA L. TANTUM
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W
Washington, D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

KEVIN J. RICE
Office of General Counsel
General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405

January 22, 2008