**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SCIENCES CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 07-744C |
| Defendant, | ) | (Judge Braden) |
| and | ) | BID PROTEST |
| DEVELOPMENT INFOSTRUCTURE | ) | |
| Intervenor-Plaintiff, | ) | |
| and | ) | |
| SYMPLICITY CORP., | ) | |
| Intervenor-Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The United States submits this response to plaintiff Information Sciences Corp.'s ("ISC") Motion for Reconsideration of Plaintiff's Motion for Preliminary Injunction. While we understand that the Court has not requested a response under RCFC 59(b), we nonetheless wish to advise the Court that the dispute alleged in plaintiff's motion no longer exists.

ISC asserted as grounds for its motion a request by GSA that ISC turn over the FBO system data as part of the transition to the new contractor, intervenor Symplicity. ISC Mot. at 5-6. In this case, GSA sought the Government's own FBO data (synopses, solicitations, amendments, public notices, award information, interested vendor list, etc.) that is contained on

ISC's servers. Notwithstanding its motion, ISC complied with GSA's data request on January 24, 2008. Accordingly, the data transfer issue is no longer in dispute.

ISC demanded in its motion that "the government be enjoined from obtaining and transmitting to the awardee any of plaintiff's confidential and proprietary information concerning the structure and operation of the current Fedbizopps system." ISC Mot. at 1. The Government never requested that ISC turn over its proprietary software, and ISC never did so. There was never any possibility that, through the data transfer, a competitor could obtain ISC's intellectual property or proprietary architecture as ISC alleged in its motion.[1] As the "changed facts" that ISC characterized as an error of fact no longer exist, ISC's motion for reconsideration is at best moot. Under these circumstances, ISC cannot demonstrate the "manifest injustice" required to sustain the motion or the immediate and irreparable injury required to order a preliminary injunction. ISC Mot. at 2, 7.

Finally, while the data transfer was never a valid basis to seek injunctive relief, ISC's recalcitrance in producing the data will likely delay the start-up of the new FBO system by successful awardee Symplicity. ISC admits in its motion that GSA asked for the Government's FBO data on December 3, 2007. ISC Mot. at 3. ISC produced some data several weeks later, but withheld most of the data until the afternoon of January 24, 2008. Accordingly, the resolution of the data issue may have come at the cost of awardee Symplicity's ability to perform on schedule.

[1] Neither GSA nor intervenor Symplicity has an interest in utilizing ISC's antiquated software, even if the software were made available. The new system proposed by Symplicity does not in any way rely upon or make use of ISC's system.

For the foregoing reasons, the United States respectfully requests that the Court deny ISC's motion for reconsideration.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
AMANDA L. TANTUM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

KEVIN J. RICE
Office of General Counsel
General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405

January 31, 2008