**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INFORMATION SCIENCES CORP., Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, Defendant, | ) | No. 07-744C (Judge Braden) |
| and | ) | |
| DEVELOPMENT INFOSTRUCTURE Intervenor-Plaintiff, | ) | |
| and | ) | |
| SYMPLICITY CORP., Intervenor-Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S AND**
**<u>INTERVENOR'S POST-HEARING BRIEFS</u>**

The United States submits this reply in response to the post-hearing briefs of plaintiff Information Sciences Corporation ("ISC") and intervenor Devis. Although we disagree with numerous assertions in the briefs, we address only two matters here.

At the outset, we again note that the only issues presented in this protest are whether the two decisions by GSA – the reconsideration of the competitive range and the final selection decision – are arbitrary, capricious, an abuse of discretion, or contrary to law. <u>Banknote Corp. of Am., Inc. v. United States</u>, 365 F.3d 1345, 1350 (Fed. Cir. 2004). ISC and Devis devote the majority of their briefs to the competitive range redetermination and GSA's ongoing administration of Symplicity's contract, largely ignoring the GSA selection decision. The

selection decision speaks for itself as a documented exercise of discretion by the source selection authority, who, after reviewing the proposals and the lengthy evaluations, reasonably chose Symplicity's technically acceptable proposal over the far more expensive alternatives offered by ISC and Devis. Given the brevity of ISC and Devis' criticism of the source selection document, we will not belabor the Court's consideration with additional argument. Similarly, we will not respond to ISC's and Devis' challenge to GSA's ongoing administration of Symplicity's contract, given its irrelevance to the propriety of the award.

## I. **The Recalculation Of Symplicity's Initial Proposal Price Was Rational**

A response is warranted to Devis' attempt to confuse the Court with respect to the contracting officer's ("CO") reconsideration of the competitive range. It is undisputed that the CO explained in his reconsideration document that he corrected the error in an earlier GSA calculation of Symplicity's initial proposal price. AR 2545-46. The CO stated that he recalculated Symplicity's initial price to be just over $12 million. Id. We detailed the CO's calculations at the November 29 oral argument. Devis offered a spreadsheet at the hearing titled "Intervenor's Exhibit A" that confirmed its understanding of the $12 million calculation. See Devis Hg. Exh. A at Lines 12 and 13. We again detailed the CO's calculations in our post-hearing brief. US Post-Hg. Br. at 9-12.

Devis nonetheless claims now that "the government has completely abandoned the explanation in the Administrative Record – the 'clerical error by the contracting officer" explanation.'" Devis Post-Hg. Br. at 1. This is false. All parties are aware that an error led the contracting officer to initially calculate a demonstrably erroneous price of $1,074,022 for Symplicity's initial offer. AR 2455. All parties are aware that the corrected price for Symplicity's initial proposal was just over $12 million. AR 2545-46. We have now repeatedly

demonstrated the CO's calculation of the $12 million figure and Devis in fact correctly duplicated the calculation in its "Exhibit A" provided to the Court at the November 29 hearing.

Accordingly, Devis' latest claim that there was *no* clerical error and that "defendant has never explained the nature of this 'clerical error'"[1] makes no sense. Devis Post-Hg. Br. at 6-7, 9-10. Further, we did not offer a new explanation or theory in our post-hearing brief as Devis argues, but only responded to Devis' spreadsheet suggesting that the CO could have calculated Symplicity's price differently, that the CO acted in bad faith, and that Symplicity did not comply with the Solicitation's mandatory minimum requirements. There is no impropriety where the CO recognized the error and reasonably recalculated Symplicity's initial proposal price by using all CLINs in the offer before reconsidering the competitive range as directed by the Court.

Devis also inexplicably claims that the CO has now "concluded (in agreement with the Hearing Exhibit A proffered by Devis) that the actual price proposed by Symplicity was $3.7 million." Devis Post-Hg. Br. at 3. Devis offers no citation for this equally false assertion because one does not exist. The CO has never agreed with Devis' $3.7 million figure. From the time of his reconsideration of the competitive range to present, the CO has attributed a price of $12 million to Symplicity's initial proposal. AR 2545-46; see also US Post-Hg. Br., Abood Decl. ¶ 6.

Devis' attempt to confuse the Court becomes more desperate later in its brief when it claims: "Indeed, *defendant* admits that 'actual price [sic] of the Symplicity proposal was only $3.7 million.'" Devis Post-Hg. Br. at 5 (emphasis added). We have *never* agreed with Devis'

[1] The actual quote from Devis' Post-Hearing Brief is "defendant has never explained the nature of this 'clerical error' explained." Devis Post-Hg. Br. at 6. This, as with many sentences in Devis' frenetic brief, makes no grammatical sense. However, given the context of this statement, we believe Devis is trying to claim that it still does not know what "clerical error" gave rise to the CO's correction of GSA's calculation of Symplicity's initial price.

contrived $3.7 million price for Symplicity's initial proposal. The Court will observe that Devis has misrepresented our position by including an incomplete quote from our post-hearing brief. Id., citing US Post-Hg. Br. at 9. Had Devis fairly quoted from our brief, the Court would see that we merely summarized *Devis'* own argument and described the spreadsheet *Devis* produced at the November 2007 hearing, before explaining why *Devis* was wrong. US Post-Hg. Br. at 9.[2]

Devis' confusing series of observations carefully avoids the real question, which is whether the CO's recognition of GSA's earlier error and his recalculation of $12 million for Symplicity's initial price proposal had a rational basis. As we have previously explained, the CO provided his by-year calculation of Symplicity's price and those calculations are supported by Symplicity's initial price proposal itself. US Post-Hg. Br. at 9-14. Thus, the CO's decisions to use the corrected price and include Symplicity in the competitive range were rational.[3]

---

[2] Devis' misrepresentation of our argument is flagrant. We wrote in our brief: "Devis now argues that the CO's calculation was flawed because the CO should have excluded over $8 million of Symplicity's proposal as contrary to the solicitation. *According to Devis' spreadsheet exhibit*, the actual price of the Symplicity proposal was only $3.7 million." US Post-Hg. Br. at 9 (emphasis added). Devis omits the italicized attribution and avers in its brief: "Indeed, defendant admits that [the] 'actual price of the Symplicity proposal was only $3.7 million.'" Devis Post-Hg. Br. at 5.

[3] Devis implies at several points in its brief that the CO misrepresented the facts in his declaration or otherwise acted in bad faith when he explained his reconsideration of the competitive range. See, e.g., Devis Post-Hg. Br. at 6 (CO engaged in a "cover up"); and 10 ("It is a basic tenant [sic] of APA review, however, that the government cannot invent a justification"). However, in the jurisprudence of this Court and Circuit, "it is well settled that government officials are presumed to act conscientiously and in good faith in the discharge of their duties." ManTech Telecommunications and Info. Sys. Corp. v. United States, 49 Fed. Cl. 57, 74 n.26 (2001) (citing Spezzaferro v. Fed. Aviation Admin., 807 F.2d 169, 173 (Fed. Cir. 1986)). "In order to overcome this presumption, 'plaintiff must allege and prove, by clear and strong evidence, specific acts of bad faith on the part of the government." Id. "The level of proof to overcome this presumption is high, often described as requiring 'well nigh irrefragable proof[,]' . . . [which] according to the Federal Circuit, . . . 'has been equated with evidence of some specific intent to injure the plaintiff.'" Id. Devis has presented no evidence for its "cover up" allegation, let alone proof to meet this standard.

## II. ISC Has Misrepresented The Public Interest At Stake In This Procurement

There is no merit to ISC's arguments demanding a new round of discussions with GSA and imploring the Court to find its proposal more technically advantageous than did GSA. However, one assertion by ISC should be corrected. ISC states at the close of its brief that the Court should order injunctive relief where "the balance of hardships weighs in plaintiff's favor because if Symplicity is enjoined from performing pending this litigation, the government still possesses an operational Fedbizopps system run by ISC." ISC Post-Hg. Br. at 23.

In reality, the current GSA contract is not with ISC but, more accurately, with SAIC as ISC's prime contractor. The contract by its terms expires March 30, 2008. As the Court is aware, the Fedbizopps system is the essential single-entry component for public electronic access to all Federal procurement opportunities, and must be continuously maintained. GSA will not enter into a follow-on contract with ISC to keep the current obsolete system "operational." Instead, GSA has selected Symplicity to serve as the contractor on or before March 30, in order to maintain continuity of service to Government agencies and prospective bidders and offerors worldwide. GSA is in no way "acting at its own peril" in ordering Symplicity to begin performance and ready itself for the transition. ISC Post-Hg. Br. at 22. To the contrary, GSA is acting in the interest of maintaining an uninterrupted means for the acquisition of goods and services. Should the Court enjoin Symplicity's performance, the Government and the contracting community will be materially and detrimentally impacted and may be left without a means to carry out Federal procurements.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
AMANDA L. TANTUM
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

February 21, 2008

Attorneys for Defendant