# In the United States Court of Federal Claims

No. 07-744C
Filed: March 4, 2008
**TO BE PUBLISHED**

| | |
|---|---|
| INFORMATION SCIENCES CORP., Plaintiff, | |
| v. | |
| THE UNITED STATES, Defendant, | |
| and | Amended Complaint, RCFC 15(a); Competition In Contracting Act, 41 U.S.C. § 253. |
| GALLAGHER, HUDSON, HUDSON & HUNSBERGER, INC. (d/b/a Development Infostructure or Devis), Plaintiff-Intervenor, | |
| and | |
| SYMPLICITY CORPORATION, Defendant-Intervenor. | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S DECEMBER 21, 2007 MOTION TO FILE A SECOND AMENDED COMPLAINT.**

On October 24, 2007, Plaintiff Information Sciences Corp. ("ISC") filed a Complaint to protest the September 28, 2007 re-award of a Federal Business Opportunities ("FBO") Contract to Symplicity Corporation ("Symplicity"), alleging that the General Services Administration ("GSA") violated the Federal Acquisition Regulations ("FAR") and/or acted without a rational basis in making the award. On October 26, 2007, DEVIS intervened to challenge that award. On December 11, 2007, Symplicity also intervened.

On December 21, 2007, ISC filed a Motion For Leave To File Second Amended Complaint

("Mot. Leave"), together with a Second Amended Complaint ("Sec. Am. Compl."), Application for Temporary Restraining Order, Motion for Preliminary and Permanent Injunction, Exhibit Attachments, a Proposed Temporary Restraining Order, and a Proposed Order on Motion for Preliminary Injunction, after Plaintiff learned that the FBO Contract had been modified three times after the re-award. *See* Mot. Leave at 2. The second modification (November 8, 2007 "PS02" Modification of Contract No. GSOOT05NSC0005 ("Modification 2")) changed the original contract requirements with respect to: the removal of the requirement to use BEA WebLogic and Java; the inclusion of a new payment protocol; the removal of distance requirement for primary and secondary sites; the addition of sub-CLINs for hosting costs for the FedTeds.gov Functionality; and the addition of a new CLIN for "Optional Community of Service for System Transition" not provided for in the Solicitation. *See* Sec. Am. Compl. ¶¶ 37-42. The third contract modification (December 14, 2007 "PS03" Modification of Contract No. GSOOT05NSC0005 ("Modification 3")) "inexplicably" rescinded the second modification, except for the payment protocol modification ("Section G.5" of the contract). *Id.* ¶ 43. The FBO contract, as modified to date, now provides payment to Symplicity on a monthly basis upon submission of monthly invoices, as opposed to performance-incentive based payments as provided for in the Solicitation. *Id.* ¶¶ 44, 48. ISC argues that these modifications are contrary to the terms of the Solicitation, undermine and prejudice ISC's efforts to bid competitively on the contract, and further reflect the unreasonableness of the award to Symplicity. *Id.* ¶¶ 45-49.

On January 7, 2008, the Government filed a Response To Plaintiff's Motion For Leave To File Second Amended Complaint ("Gov't Resp."). On that same date, Symplicity also filed a Response ("Def. Int. Resp."). The Government opposes Plaintiff's motion, asserting that the amendment is futile, because the court does not have jurisdiction over the new claims asserted therein, Modification 2 now has been rescinded, and, in any event, any modifications here do not rise to the level of a "cardinal change" that gives rise to jurisdiction over post-award claims in bid protests. Gov't Resp. at 1-2; *see also Cardinal Maint. Serv., Inc.* v. *United States*, 63 Fed. Cl. 98, 109-10 (2004) (modifications that result in an 80% increase in price for the first year of performance constituted "cardinal change" in violation of Competition in Contracting Act, 41 U.S.C. § 253).

Symplicity agrees that Plaintiff cannot show prejudice, because Modification 2 was withdrawn and is now moot. *See* Def. Int. Resp. at 3-4. Additionally, the court is barred from granting leave, because the claims in ISC's Second Amended Complaint alleged facts that occurred *after* the contract award, and are beyond the court's jurisdiction. *Id.*; *see also Emerald Coast Finest Produce Co.* v. *United States*, 76 Fed. Cl. 445, 452 (2007) (The "[c]ourt may concern itself only with the solicitation, proposal, and procurement procedures of a particular contract. The court cannot use events that occurred after award of the contract–which the contracting officer could not have considered during the procurement process–to evaluate whether the contracting officer abused his discretion during the procurement process or at the time of the contract award.") (internal citation and quotations omitted). Finally, Symplicity states that its final price proposal, accepted by GSA, required payment on a monthly basis for the bulk of the contract amount. *See* Def. Int. Resp. at 5 (citing AR 2146) (Symplicity Feb. 7, 2005 Final Cost Proposal) ("GSA will be billed upon completion of Module of FBO Development and Implementation.").

On January 18, 2008, ISC and DEVIS filed a Corrected Reply To The Government and Symplicity's January 7, 2008 Responses To Plaintiff's Motion For Leave To File Second Amended

Complaint ("Pl. Reply"). Therein, ISC and DEVIS allege that Section G.5, the new monthly payment provision added to the FBO contract, was inserted into the contract *at the time of the award*, and thus the court has jurisdiction. *See* Pl. Reply at 2-3. ISC and DEVIS also argue that it is the inconsistency of the contract terms with the Solicitation, *not* the terms with Symplicity's proposal, that governs this procurement. *See id*. at 8-10.

Pursuant to RCFC 15(a), "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave to amend shall be freely given when justice so requires." RCFC 15(a). The United States Supreme Court has held, interpreting Fed. R. Civ. P. 15(a), that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as *undue delay*, *bad faith* or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice* to the opposing party by virtue of allowance of the amendment, *futility* of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman* v. *Davis*, 371 U.S. 178, 182 (1962) (citation omitted) (emphasis added).

In this case, Plaintiff's motion was timely filed, a month after the filing of the November 14, 2007 Amended Complaint, and after Plaintiff was made aware of the contract modifications at issue, during and after the November 29, 2007 hearing. *See* Mot. Leave at 2.

Second, neither the Government nor Symplicity has asserted bad faith on the part of Plaintiff in filing this pleading. Third, neither the Government nor Symplicity has asserted prejudice.

Finally, neither the Government nor Symplicity has established futility. The claims asserted in the Second Amended Complaint allege that the Government violated numerous FAR provisions in awarding the FBO contract to Symplicity. *See* Sec. Am. Compl. ¶ 49 ("Accordingly, ISC protests any award under Solicitation Number TQN-04-RA-0001 as contrary to regulation, unreasonable, unsupported by the facts, and an abuse of GSA's discretion."). In addition, the new claims therein allege "material" post-award changes to the contract, allowing the court to retain jurisdiction pursuant to the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253. *See HDM Corp*. v. *United States*, 69 Fed. Cl. 243, 254 (2005) ("In determining whether a modification falls within CICA's competition requirement, the Court examines whether the contact as modified is *materially* different from the original contract[.]") (emphasis added); *see also* Sec. Am. Compl. ¶ 44 ("The new Section G.5 . . . therefore appears to remain in effect."); *Id*. ¶ 47 ("The material changes to the Solicitation represent cardinal changes to Symplicity's contract in violation of applicable procurement law."). Together, the allegations in the Second Amended Complaint recite a sufficient basis for the court to exercise jurisdiction, pursuant

to 28 U.S.C. § 1491(b)(1).[1] *See Cardinal Maint. Serv.*, 63 Fed. Cl. at 106 (The United States Court of Federal Claims, "in the exercise of its bid protest jurisdiction, [has] looked to a variety of factors to determine whether a contract, as modified," violates CICA.).

Accordingly, Plaintiff's December 21, 2007 Motion For Leave To File Second Amended Complaint is hereby granted. Plaintiff is instructed to file the Second Amended Complaint electronically with the Clerk of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

**s/ Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**

---

[1] The Tucker Act provides that the United States Court of Federal Claims has:

> jurisdiction to render judgment on an action by an interested party objecting to . . . the proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1).