**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| **INFORMATION SCIENCES CORP.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 07-744C** |
| **UNITED STATES OF AMERICA,** | **Judge Susan G. Braden** |
| **Defendant,** | |
| **and** | |
| **DEVELOPMENT INFOSTRUCTURE INC.,** | |
| **Intervenor-Plaintiff** | |
| **and** | |
| **SYMPLICITY CORP.,** | |
| **Intervenor-Defendant.** | |

**INTERVENOR-PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUR-REPLY OR FOR LEAVE TO FILE A SUR-REBUTTAL**

**Dated: September 15, 2008**

**KIRKLAND & ELLIS LLP**
**Robert S. Ryland**
**655 15th Street, NW, Suite 1200**
**Washington, DC 20005**
**Tel.: (202) 879-5000**
**Fax: (202) 879-5200**
**rryland@kirkland.com**

# TABLE OF CONTENTS

**Page**

**I. INTRODUCTION....................................................................................................1**

**II. The Government's Sur-Reply Does Not Reply to Any "New" Issues Raised by Devis. ....................................................................................................3**

A. "The Government's Position Was Not Substantially Justified." .............................3
1. "The SSA's Changes to Technical Ratings Was [Were] Improper and Prejudicial."....................................................................................6
2. "The SSA Failed to Make Technical Factors More Important Than Price."....................................................................................7
3. "There Is No Justification for the Agency's Flawed Technical Evaluation." ....................................................................................8
B. "Devis's Fee Award Should be Based on Its Claim, Not Its Legal Arguments." ....................................................................................9
C. "Defendant's Newly-Asserted Arguments Are Also Without Merit." ..................10
1. "Block Billing" ....................................................................................10
2. "Vague Time Entries"..........................................................................11
3. "Clerical Work" ....................................................................................12
4. "Supervision " ......................................................................................13
5. "Excessive Time "..................................................................................14
D. "Devis Is Entitled to Paralegal and Litigation Expenses." ...................................15

**III. CONCLUSION ....................................................................................................18**

# TABLE OF AUTHORITIES

Page

## Cases

*Action on Smoking and Health v. C.A.B.*,
724 F.2d 211 (D.C. Cir. 1984) .................................................................... 12, 13

*Chiu v. United States*,
948 F.2d 711 (Fed. Cir. 1991) .......................................................................... 5

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ........................................................................................ 9

*Information Sciences Corp. v. United States*,
78 Fed. Cl. 673 (2007) ("ISC-EAJA") ........................................................ 4, 5, 9

*Information Sciences Corp. v. United States*,
80 Fed. Cl. 759(2008) ("ISC III") ................................................................. 4, 8

*Pierce v. Underwood*,
487 U.S. 552(1988) ....................................................................................... 4, 5

*Richlin Sec. Serv. Co. v. Chertoff*,
128 S. Ct. 2007 (2008) ............................................................................ 15, 16, 17

*Ramos v. Lamm*,
713 F.2d 546 (10th Cir. 1983) .......................................................................... 13

*Role Models Am., Inc. v. Brownlee*,
353 F.3d 962 (D.C. Cir. 2004) .......................................................................... 11

## Regulations

FAR 15.306(c) ........................................................................................................ 4

FAR 15.308 ............................................................................................................ 4

FAR 15.101 ............................................................................................................ 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| **INFORMATION SCIENCES CORP.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 07-744C** |
| **UNITED STATES OF AMERICA,** | **Judge Susan G. Braden** |
| **Defendant,** | |
| **and** | |
| **DEVELOPMENT INFOSTRUCTURE INC.,** | |
| **Intervenor-Plaintiff,** | |
| **and** | |
| **SYMPLICITY CORP.,** | |
| **Intervenor-Defendant.** | |

**INTERVENOR-PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUR-REPLY OR FOR LEAVE TO FILE A SUR-REBUTTAL**

## I. INTRODUCTION

The Court was misled by the government into granting a Sur-Reply on the basis that there were "new" issues raised by Devis in its Reply brief that necessitated yet further briefing on Devis' Application under the Equal Access to Justice Act ("EAJA"). However, the government improperly used the Court's granting of the Sur-Reply as the basis for filing a brief that does not address any such supposed "new" issues. Accordingly, the government's Sur-Reply should be stricken in its entirety.

The entire Sur-Reply is an exercise in *deju vu* all over again and again. Astonishingly, much of the government's Sur-Reply briefing is introduced by an assertion that Devis failed to respond to an argument or otherwise missed some key point that the government already argued, which the government then proceeds to explain (again) in detail. When the government is not arguing in its Sur-Reply that Devis was wrong or that Devis was mistaken, the government arguing (yet gain) that the Court was wrong.

The Sur-Reply constitutes an abuse of the Court's granting of the Motion for Leave (dkt. #91). Missing from the Sur-Reply is even the pretense that Devis' Reply brief raised "new" issues that actually warranted a Sur-Reply or that the government did not already adequately address those issues in its Response brief. Indeed, the fact that the government re-argues mostly the same arguments from its Response brief makes such a claim impossible. The government adds to its re-argument of prior briefing by citng a fusillade of new case law never cited by either of the parties in prior briefing. Indeed, 18 of the 37 cases cited in the Sur-Reply were never cited before by either party. Hence, if the Court does not strike the Sur-Reply, Devis is entitled to a Sur-Rebuttal.

Some issues used as the rationale for the government's urgent demand for a Sur-Reply brief was necessary to reply to "new" issues purportedly raised by Devis "for the first time in Devis' reply memorandum" have apparently now fallen by the wayside and have been dropped. For example, the government's very first rationale in its Motion for Leave -- that it needed a Sur-Reply to reply to Devis' assertion that it viewed its affidavit and financial review as adequate evidence of net worth (*see* Motion for Leave to File Sur-Reply (dkt. # 90) at 2) -- is apparently now a non-issue because it was not even mentioned in the Sur-Reply, despite being prominently advertised as the primary reason that the Sur-Reply was necessary.

The government's Sur-Reply -- all 31 pages of it -- constitutes nothing more than a transparent attempt to pack the record with a regurgitation of prior arguments solely for the purpose of driving up the unreimbursable portion of Devis' costs of representation with regard to its pending fee application. In doing so, the Sur-Reply raises a host of new issues, arguments and evidentiary matters that warrant the granting of an opportunity for a Sur-Rebuttal by Devis, in the event that Court does not strike the Sur-Reply in its entirety. In the event that the Court strikes a portion of the Sur-Reply, Devis requests leave to file a Sur-Rebuttal to the portions of the Sur-Reply that are not stricken.

## II. THE GOVERNMENT'S SUR-REPLY DOES NOT REPLY TO ANY "NEW" ISSUES RAISED BY DEVIS.

The government sought and was granted a Sur-Reply for the express purpose of responding to purportedly "new" issues allegedly raised by Devis in its Reply brief. However, the government fails to identify in its Sur-Reply any such new issues that were raised by Devis. Accordingly, the Sur-Reply should be stricken in its entirety.

The fact that no new issues were presented in the Reply brief is apparent by comparing the government's opposition to the EAJA application, styled as a "Response" (dkt. #85), with Devis Reply brief (dkt. #87) and the Sur-Reply itself (dkt. #95). Because the government alleged that Devis' Reply brief raised "new" issues, we will address each section of Devis' Reply brief that is the subject of the government's Sur-Reply to demonstrate that each section of the Sur-Reply should be stricken.

### A. "The Government's Position Was Not Substantially Justified."

The government has argued incessantly over the past two years that this Court was wrong on the law and facts. Continuing this pattern in the first 13 pages of its Sur-Reply (which respond to the above-captioned argument at pages 5-14 of Devis' Reply), the government

simply re-argues that it was right and the Court was wrong. In its Reply brief, Devis naturally refuted the government's arguments with quotations of, and citations to, the Court's opinion and the briefs previously filed. By doing so, Devis did not raise any "new" issues. Accordingly, the entirety of this section in the government's Sur-Reply (pages 2-13) in response to the above-titled heading in Devis' Reply brief should be stricken for the reasons discussed below.

For example, the government re-argued that the Court's prior decision regarding the applicable standard for reviewing an EAJA petition was wrong. Devis cited, at page 6 of its Reply brief, and block-quoted the Court's prior decisions to remind the Court that it had ***ruled on the merits*** "that the new SSA violated FAR 15.101 and FAR 15.308 in failing to follow the evaluation factors set forth in the Solicitation …." *Information Sciences Corp. v. United States*, 80 Fed. Cl. 759, 797 (2008) ("ISC III"). Devis also noted that the Court had previously found that ***Devis was entitled to EAJA relief*** because the Court had "determined that the Government's defense of the CO's and SSA's actions in this case was not 'substantially justified,' because the dispositive issues were the CO's and SSA's violations of FAR 15.308 and FAR 15.306(c) that negate a 'reasonable basis ... in law [.]'" *Information Sciences Corp., v. United States*, 78 Fed. Cl. 673, 680 (2007) ("ISC-EAJA") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that the government's position must have "reasonable basis in both law and fact.")). Hence, Devis quoted these portions of the Court's opinions to show that the Court had already made a sufficient finding "by itself" on the legal issues to dispose of the question regarding whether the government's position was reasonable or not reasonable.

In reply to Devis' citation of the Court's own rulings, the government re-argued in its Sur-Reply as follows:

> Devis asserts in its reply that the Court's decision finding that the SSA violated FAR sections 15.101 and 15.308 "by itself

> establishes that the Government's position was not 'substantially justified.'" Devis Reply at 6, citing Information Sciences Corp. v. United States, 78 Fed. Cl. 673, 678-79 (2007) ("ISC-EAJA"). While Devis relies upon the Court's expression of the law in the prior decision, *it cites no other decisions supporting this principle.*
>
> *As we observed in our response,* no other Court has ever held such a result ….[1]

Sur-Reply at 11 (emphasis added). Indeed, ***the government argued that very point in its Response brief.*** It stated: "the fact that the Government lost at trial does not raise a presumption that its position was not substantially justified." Resp. at 9. *See also id* at 17 n.3 ("*No other Court has ever held* such a result . . . .").

Thus, it is obvious that Devis did ***not*** raise a "new" issue that warranted a Sur-Reply. Indeed, the Sur-Reply does not even claim that Devis raised a new issue. Instead, the real purpose of the Sur-Reply was to re-hash its displeasure with the Court's prior decisions (both on the merits and the EAJA standard) and to re-argue, yet again, that the Court was wrong.

For these reasons, this subsection of the government's Sur-Reply (pages 11-13) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues. For example, the government now argues that "[t]here was no way that the SSA could have known that [the "similarity" point] was one that the Court would find to be a violation of the FAR …." Sur-Reply at 4. This is plainly a new factual issue introduced by the government, not by Devis. If accepted, this argument would deserve a rebuttal by Devis, although Devis believes that the Court should reject

---

1 The government is incorrect in asserting that the Court's ruling in ISC EAJA was unfounded. As the Court itself observed: "Therefore, errors committed in the procurement process factually may be 'reasonable,' but 'unreasonable' in law." *ISC EAJA*, 78 Fed. Cl. at 679 (quoting *Pierce v. Underwood*, 487 U.S. 552, (1988) (the government's position should have "a reasonable basis both in law and fact") and *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991) (the proper inquiry is "whether the government's overall position had a reasonable basis in both law and fact.").

the possible relevance of this factual argument because in order to be "substantially justified," the government's position is required to be "reasonable … both in law and fact," and the Court has already ruled that the government's position was not.[2]

1. "The SSA's Changes to Technical Ratings [Were] Improper and Prejudicial."

The government makes three points in response to this subsection of Devis' Reply brief. First, the government argues that "Devis cannot contend that the error [the use of the word 'similar'] was obvious." *See* Sur-Reply at 2-3. This, of course, only proves that the issue was fully addressed in prior briefing, not that it was a "new" issue -- indeed, it was raised and argued extensively by the government in its Response brief. *See* Resp. (dkt. 85) at 12-13.

In its second point, the government argues that "Devis agrees," "Devis also does not contest," "Devis avoids the … issue," etc., in furtherance of the conclusion that: "There was no way that the SSA could have known that this detail was one that the Court would find to be a violation of the FAR without the benefit of the Court's pronouncement of its interpretation of the word 'similar.'" Sur-Reply at 3-4. This issue, too, has already been fully briefed, *see* Resp. at 12-13; Reply at 7-8 (noting the government's flip-flopping position in this issue), and, in any event, the question of whether the government's position is "substantially justified" is a matter of law, not a determination of whether the SSA's personal, subjective expectations were legitimate or not.

In its third point, the government argues that "Devis fails to acknowledge the SSA's earlier conclusion …." Sur-Reply at 4. Whatever the point is here, it is ***not*** that Devis raised a new issue in its Reply brief, but rather that Devis did ***not respond*** to an issue raised by the government in its Response brief. The government then goes on to re-argue, at length, that this

2 *See* note 2, *supra*.

point, which ***Devis supposedly did not "acknowledge,"*** is critical. Again, that is plainly not a **"**new" issue that necessitated a Sur-Reply briefing simply to allow the government to re-emphasize the points that it already argued before.

For these reasons, this subsection of the government's Sur-Reply (pages 2-4) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to issues raised in the Sur-Reply.

2. <u>"The SSA Failed to Make Technical Factors More Important Than Price."</u>

The government makes two points in response to this subsection of Devis' Reply brief. First, it complains that "Devis asserts that we never identified this position during litigation, and that Devis raised its contrary argument in its November 2007 motion" and asserts that this was not true. Sur-Reply at 5. Then, after a lengthy argument that included a re-argument of the points made by the government concerning the Court's reasoning at pages 14-16 of its Response brief, the government comes to its conclusion: "Devis does not explain the Court's statement in its reply." *Id*. This part of the Sur-Reply plainly does ***not*** address any new issue raised by Devis. Indeed, the government's Sur-Reply lacks even the pretense that Devis raised a new issue.

Second, the government asserts that "We also observed in our response that the second error identified by the Court is troubling because the Court approved similar language in the former SSA's best value decision that was the subject of *ISC I*." Sur-Reply at 6. The government then gets to its point: "Devis provides no acknowledgement of, much less a response to, this observation in its reply." *Id*. Once again, this argument plainly does ***not*** address any new issue raised by Devis in its Reply brief. Instead, it relates to an issue raised and already fully argued by the government in its Response brief.

For these reasons, this subsection of the government's Sur-Reply (pages 4-6) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues.

3. "There Is No Justification for the Agency's Flawed Technical Evaluation."

In its Response brief, the government asserted that although the Court found the Symplicity proposal "'had significant transition and staffing risks' and 'failed to meet the minimum requirements for selection here,'" (Resp. at 16, quoting *ISC III*, at 80 Fed. Cl. at 792), nonetheless "[t]he Government's position that Symplicity's proposal met the minimum requirements for system transition was substantially justified." Resp. at 16.

Devis, in its Reply brief, noted that the government's argument was surprising because the government "never asserted that 'position' – indeed, neither its pre-hearing nor post-hearing briefs actually addressed or even touched on the subject of the adequacy of Symplicity's transition staffing." Reply at 12. Devis also noted that the government's brief "distorts and misconstrues the Court's decision on the merits" (*id*.), and Devis then quoted the Court's opinion at length to prove this. *Id*. at 12-13. Devis then concluded:

> Defendant's out-of-context quotation misleadingly suggests that the Court and the technical evaluators were only concerned with Symplicity's staffing for "transition" rather than with ongoing staffing or the fact that Simplicity included zero labor hours for "outreach and training in years 2 through 8." *Id*. In fact, the Court later returned to this subject and highlighted "transition and staffing risks" as one of several areas that indicated a flawed technical evaluation, stating that: "The significant transition and staffing risks associated with Symplicity's proposal alone indicated that it failed to meet the minimum requirements necessary for selection here." *ISC III*, 80 Fed. Cl. at 792 (emphasis added). Plainly, the Court was referring to the several issues quoted earlier in its opinion regarding the variety of unresolved concerns regarding staffing throughout the eight years of proposed contract

> performance, not simply the "transition plan" as indicated by defendant's brief in opposition to Devis's EAJA petition.

*See* Resp. at 16. Hence, Devis was ***replying*** to a position that had been asserted by the government for the very first time in this case. Indeed, the government ***does not deny*** that it fully briefed this position in its Response brief.

Because the Response and Reply briefs both addressed issues raised by the government -- ***not by Devis*** -- this subsection of the government's Sur-Reply (pages 6-11) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues.

**B. "Devis's Fee Award Should be Based on Its Claim, Not Its Legal Arguments."**

In its Response brief, the government reargued positions that it already argued *ad nauseum* in opposition to Devis' prior EAJA petition. Resp. at 19-26. Devis pointed this out in the above-captioned section of its Reply brief (pages 14-16), and suggested that the Court could compare that section of the government's brief with the government's prior filings. *See* Reply at 15 (providing citations). Devis also noted that the Court has already rejected the government's same arguments in the prior EAJA decision. This Court, relying on *Hensley v. Eckerhart*, 461 U.S. 424 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."), concluded that Devis was entitled to the EAJA award it sought even though the Court did not grant all of the relief sought. Reply at 15-16 (citing and quoting *ISC EAJA*, 78 Fed. Cl. at 681.

It was the government, ***not Devis***, that raised a new issue. Devis noted this in its Reply brief, as follows:

> Defendant offers one novel twist to its logic -- that Devis had "Unsuccessful Claims" because … every legal "argument" or "motion" is equal to a "claim" and that the EAJA case law that addresses the treatment of separate and independent "claims" applies equally to different legal "arguments" that are made in support of the same "claim." Def. Resp. at 19-20.

Reply at 17. In reply, Devis cited the very same cases cited by the government and then corrected the government's twisted reading of each case. *Id*. at 17-18. Devis concluded that the government's assertion that Devis had brought multiple claims was wrong, and that the cases cited by the government "demonstrate that Devis only brought one 'claim' in the protest litigation that that was supported by a number of 'arguments.'" *Id*. at 18. Therefore, it was the government, not Devis, that raised the new issue in the briefing.

In its Sur-Reply, the government raised yet an additional argument -- that because Devis won a minority of the "arguments" its fees should be apportioned. Sur-Reply at 14-16. This subsection of the government's Sur-Reply (pages 14-16) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues.

**C. <u>"Defendant's Newly-Asserted Arguments Are Also Without Merit."</u>**

1. <u>"Block Billing"</u>

In this part of its Reply brief, Devis noted that the government raised new issues in its Response brief -- alleged "block billing" and "alleged excessive and duplicative charges" and "vague" time entries. Devis replied to these allegations at pages 19-25 of its Reply brief, and corrected the government's misreading of the case law that it had cited, but Devis did not raise any new issues.

In its Sur-Reply, the government fails to identify any "new" issues raised by Devis. *See* Sur-Reply at 16-21. Nor is there even a pretense that Devis raised "new" issues in its Reply brief. To the contrary, the government argues that Devis failed to reply to its demand that Devis separately account for time spent on every separate legal argument. *Id*. at 17 ("*As we demonstrated in our response*, numerous time entries submitted by Devis in support of its requested fees are in 'block billing' form and, therefore, fail to allocate time between successful claims and unsuccessful claims.") (emphasis added). This argument at pages 17-19 of the Sur-Reply does not reply any new issue raised by Devis -- it simply replows the same old field yet again and disagrees with Devis' reading of *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004).

For these reasons, this subsection of the government's Sur-Reply (pages 17-19) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues.

2. <u>"Vague Time Entries"</u>

The same is true of the government's redoubled argument that "Devis Fails To Provide Any Explanation For Its Vague Time Entries" and "Devis Fails To Justify The Excessive Hours It Seeks To Charge The Government." Sur-Reply at 19-20. These section headings in the Sur-Reply provide their own witness that the government's argument is ***not*** based on any new issue raised by Devis. Rather, the Sur-Reply is based on the government's desire to point out areas where Devis allegedly failed to reply to the government's issues to the government's satisfaction).

Devis stands by its Reply brief and believes that its brief adequately addressed the issues raised by the government. But there plainly was no "new" issue raised by Devis, nor does the

government even claim that there was such a "new" issue. Accordingly, this subsection of the government's Sur-Reply (pages 19-20) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues.

3. "Clerical Work"

With regard to the government's revisited argument that "Devis improperly seeks to recover fees for clerical work conducted by attorneys," the government raises a series of new issues and has changed its reading of the law. Sur-Reply at 21. In response to Devis' citation of rules relating to ECF filing, the government now suggests that filing a brief electronically consists only of tasks that are "*normally* performed by . . . clerical personnel." *Id*. (quoting *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 220-221 (D.C. Cir. 1984) (emphasis added).

But then the government fails to provide any evidence that attorneys practicing before this Court ***normally*** have their secretaries make filings under their signature, or that any attorney would be prudent in doing so, in light of the many warnings concerning the possibility of failing to upload filings correctly to the Court's ECF server. Yet the government argues that because an attorney ***could*** do so, no attorney time associated with a filing can ever be considered reasonable.

While Devis believes that the Court should find this to be a preposterous argument, if the Court is inclined to accept this new argument then Devis should be permitted to submit a Sur-Rebuttal with respect to those issues. Alternatively, this subsection of the Sur-Reply (pages 21-22) should be stricken because it does not reply to any "new" issue raised by Devis.

4. <u>"Supervision "</u>

With regard to the government's warmed-over argument that the fee application includes "many time entries by Mr. Ryland reflect supervision of Mr. Meyers' work" (Sur-Reply at 22), the government's contention is that "Devis *fails to respond to*" the government's Response brief to its satisfaction. *Id*. (emphasis added). In a transparent attempt to rehabilitate its existing arguments, the government then cites new case law holding that hours should be reduced "if an attorney duplicates work done earlier by another attorney" or "if an attorney takes extra time due to inexperience." *Id*. at 23 (quoting *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 220-221 (D.C. Cir. 1984) and *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983)).

By quoting these two cases, which were not cited in its Response brief, the government appears to be asserting that Mr. Ryland (a partner) actually duplicated the same work performed by Mr. Meyers (an associate) and that one or both of the attorneys charged "extra time due to inexperience." These new arguments are designed to give the appearance that undersigned counsel engaged in an impropriety without any factual basis in the record whatsoever. Thus, the insinuation that Devis counsel "duplicated work done earlier by another attorney" or were "inexperienced" is both unfounded and offensive. Devis explained its position regarding the facts. The innuendo contained in the Sur-Reply does not carry the government's burden of proof.

It is hardly surprising that more than one attorney will work on a single client engagement, a single court filing or a single argument, or even that more than one attorney will read the same case law. Indeed, if the number of attorneys assigned to and working on the same litigation matter is the true test, then one wonders about the defendant's counsel, which claims to have assigned five attorneys to the matter, all of whom appear on the briefs. including the most recent 31-page brief, as follows:

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

GREGG M. SCHWIND

AMANDA L. TANTUM

Attorneys for Defendant

Sur-Reply at 31. Of course, some of those attorneys were, doubtless, supervising and reviewing work by the more junior attorneys, and there is nothing wrong with that. Indeed, the taxpaying public, the defendant's client, would expect nothing less. But that does not prove that there was a duplication of effort among attorneys, or that time was wasted because of inexperience. The same is true of attorneys in private practice, even though fewer attorneys were assigned to this litigation matter for Devis than by the government for its client.

If the Court is inclined to accept these new arguments made in the Sur-Reply, then Devis should be permitted to submit a Sur-Rebuttal with respect to those issues. Alternatively, this subsection of the Sur-Reply (pages 21-22) should be stricken because it does not reply to any "new" issue raised by Devis.

5. "Excessive Time "

Finally, the government's identifies no "new" issue when arguing, yet again, that Devis counsel's time was simply "excessive." On the one hand, the government fails even to hint that Devis raised any "new" issue. Instead, the government simply regurgitates again the same concerns regarding 10 selected time entries. *Compare* Sur-Reply at 24-26 *with* Resp. at 40-44. This type of briefing offers nothing more than repetition for the sake of repetition. On the other

hand, while the government acknowledged that "Devis claims that none of the time entries was excessive because each involved the review of filings with a large number of citations to caselaw and the record" (Sur-Reply at 24, citing Devis Reply at 23-24), it failed to acknowledge that Devis pointed out inaccuracies and mischaracterizations in the government's brief. *See* Devis Reply at 22-25.

Once again, the government does not even pretend to be addressing any "new" issues in its Sur-Reply; instead, it resorts to simply repeating the same old arguments *ad nausem*. Therefore, this subsection of the government's Sur-Reply (pages 24-26) should also be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal with respect to those issues.

**D. "Devis Is Entitled to Paralegal and Litigation Expenses."**

The entire last section of the government's Sur-Reply (pages 26-31) fails to identify or even allege that Devis raised any "new" issues that required a Sur-Reply. The government uses its Sur-Reply to assert that although "[t]he Altman Weil survey may conceivably provide an appropriate benchmark for determining paralegal billing rates … because Devis has chosen not to provide the survey, the Court cannot make this assessment." Sur-Reply at 27. Moreover, the government makes this assertion under a heading that claims that another survey, by the National Association of Legal Assistants ("NALA"), is "Far More Reliable" than the results of the Altman Weil survey that the government itself presented to the Supreme Court in *Richlin Sec. Serv. Co. v. Chertoff*, 128 S. Ct. 2007 (2008), without any foundation whatsoever. The Sur-Reply addresses issues that relate to matters of evidence rather than any supposedly "new" issues from Devis' Reply brief. *See* Sur-Reply at 26-28.

The government also argues that Devis failed to "suggest" the prevailing market rate for paralegal fees. Def. Sur-Reply at 26. This is not true. Devis stated in its Application for Fees that it included costs for paralegal time based on what Devis asserted was the "standard market rate for such services." Devis EAJA App. 9 (dkt. #83). In response, the government argued that the rates proposed by Devis were not "market rates" and offered a survey provided by the National Association of Legal Assistants (NALA) to support its position that paralegal rates are actually lower than those charged by Devis. *See* . Resp. at 46. Devis' Reply did not raise a "new" issue by addressing the NALA survey and also noting the published findings of the Altman-Weil Survey, which was cited by the Department of Justice in the briefing in the *Richlin* case. Instead, Devis simply responded to allegations in the government's Response brief that the costs that Devis incurred for paralegal services were not "market rates." *See* Reply at 25-26.

Similarly, Devis did not raise any "new" issue with regard to the proper reading of the NALA survey. The government argued that the Court should apply the smaller NALA survey (based on a survey of 1,434 paralegals) and rely on the "overall finding" that the market rate for paralegal time is a maximum of $100 per hour. Sur-Reply at 28. Devis pointed out that this was plainly not true, as the Altman Weil survey indicates, and that the Altman Weil survey was more comprehensive and covered 12,381 paralegal positions. Reply at 25.

Devis further suggested that if the Court should decide to rely on the NALA survey instead, it would be more accurate to apply the rate for law firms similar to that engaged by Devis. *See*. *id.* That is not a "new" issue by any definition, it is simply replying to the government's assertions by pointing the Court to another section of the very same survey cited by the government. There was no "new" issue that necessitated a Sur-Reply by the government. The government also argues – without any foundation -- that the NALA survey is "far more

reliable" than the Altman Weil. Sur-Reply at 26-27. This is not a new issue raised by Devis; instead it is an evidentiary issue that is also not the proper justification for a Sur-Reply.

The only issues raised here that could possibly be viewed as being "new" are actually evidentiary matters regarding which survey should be considered a better guide to the "market rate;" whether Devis' adequately met its burden to cite evidence of the "market rate" based on already published aspects of the Altman Weil survey; whether Devis should be obligated to purchase the entire Altman Weil survey (the survey costs $370 or $525 to purchase, depending on the format)[3] and provide a comparative analysis of the survey as demanded by the government; and whether Devis must offer an affidavit in support of the EAJA application on this point rather than simply offering the signature of undersigned counsel vouching for the accuracy and relevance of the information set forth in the Reply brief. (While Devis believes that the Court already has adequate information in the record, it will submit whatever additional support or analysis the Court deems necessary or appropriate in this case.)

The second-half of this section of the Sur-Reply is devoted to re-arguing the propriety of an "uncapped" reimbursement of paralegal rates. In its Reply brief, Devis chose ***not*** to reply to the completely unfounded assertion in the government's Response brief that the statutory "cap of $125 per hour in the EAJA statute must be interpreted post-*Richlin* to apply to paralegals," (Response at 44); but the government, nonetheless, used the Sur-Reply as an opportunity to expand its three-sentence argument in its Response brief into more than two pages of re-argument in its Sur-Reply brief. *Compare* Response at 44 and Sur-Reply at 29-31. This was improper and an abuse of process.

---

[3] The Altman Weil survey is available for purchase at the price of $370 for a CD-ROM or $525 for the CD-ROM plus a hard copy. *See* http://www.lawcatalog.com/search_results.cfm?searchfor=altman+weil (copy attached at Exhibit 1, hereto).

Indeed, this section of the Sur-Reply is actually introduced as follows: "Devis continues to assert that its paralegals should be billed in excess of $125, *without responding to our argument* that . . . ." Sur-Reply, at 29 (emphasis added). The government then goes on to argue at length, once again, that paralegal fees should not be reimbursed at more than $125 per hour. *See id.* at 29-31. The government fails, however, to explain how it would be possible for Devis to not respond to an issue while simultaneously raising a "new" legal issue with regard to that very same issue. Indeed, the government does not even try. Instead, the government simply regurgitates its prior arguments, without reference to Devis or any "new" issue, proving that this argument, too, should be stricken.

For these reasons, this subsection of the government's Sur-Reply (pages 26-31) should be stricken. In the alternative, if the Court concludes that Devis' Reply brief did raise "new" issues, then by the same standard the government's Sur-Reply also raised new issues and Devis should be permitted to submit a Sur-Rebuttal or a supplemental submission to address whatever concerns the Court may have regarding the "market rates" for paralegal fees.

## III. CONCLUSION

The requested relief should be granted in its entirety, for all the reasons detailed above on a section by section basis. Devis would also note, in conclusion, that it is curious that although the Sur-Reply is longer (31 pages) than the Reply brief to which it replies (which was 27 pages), and repeats many of the same arguments in the government's Response (which was 50 pages long), the government did not file any Sur-Reply to the reply brief that was submitted by ISC in support of its own EAJA application. This is surprising because ISC's reply brief copied most of its arguments from (and actually incorporated large sections of text verbatim from) Devis' Reply brief. *See* ISC Reply brief (dkt. #92). The government's assertion that it needed to file a Sur-Reply in its case against Devis's EAJA Application, while ignoring the mostly identical

arguments in the case of ISC's EAJA application makes no sense, other than perhaps as reflection of the government's desire to punish a party for devoting greater time and attention to winning its case against the government on the merits.

Dated: September 15, 2008

KIRKLAND & ELLIS LLP

s/ Robert S. Ryland

Robert S. Ryland
655 15th Street, NW, Suite 1200
Washington, DC 20005
Tel.: (202) 879-5000
Fax: (202) 879-5200
rryland@kirkland.com